# Kuester *against* Keck.

A terre-tenant is incompetent to testify on the trial of an issue which may affect the estate which he occupies.

ERROR to the District Court of *Mercer* county.

John Keck against J. M. Kuester. This case is distinctly stated in the opinion of the Court.

*Stewart* and *Dunlop*, for plaintiff in error.
*Holstein*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—This was a *scire facias* sued out by Keck upon a judgment against Kuester, for the purpose of continuing its lien upon the real estate bound by it. On the trial, the defendant offered Thomas Stevenson as a witness, to whom the plaintiff objected on the ground of interest, and, in order to show the interest of the witness, read in evidence to the court a deed of conveyance whereby there was granted to him the use and occupation of a certain house and lot of ground, with its appurtenances, which the plaintiff claimed to charge with the amount of his judgment, until the youngest child of the witness, though it might as yet be unborn, should attain full age. The court considered the witness as having an interest in direct opposition to the plaintiff's claim, and accordingly rejected him. It has been contended that the interest of the witness in the house and lot might never be affected

[Kuester v. Keck.]

by the plaintiff's recovery, as the defendant might have other property out of which the plaintiff might levy the amount of his recovery, or the defendant in the judgment might pay it out of means within his own power, and not permit the plaintiff to proceed by execution against the house and lot in the occupation of the witness. The interest of the witness, therefore, as it is alleged, is contingent, and too remote to preclude him. But all this might be said of a surety, sued jointly on a bond with his principal; yet I apprehend it would scarcely be said that the surety's interest in such case was so remote or contingent as not to render him an incompetent witness for his principal. It is plain in this case that the witness occupies pretty much the situation of a *terre-tenant*, in regard to the house and lot; his interest, at least, is equally great; he is to have the full use and enjoyment of the same, rent free, until the youngest child which he may have at any time shall attain full age. Now, we have no instance, that I know of, of a terre-tenant being ruled a competent witness to discharge the land occupied by him from the lien of a judgment binding it, in a writ of *scire facias* seeking to make it liable. We think the court below, therefore, acted correctly in rejecting the witness.

Judgment affirmed.